# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RENEE GAMBLE,<br>Plaintiff,<br><br>v.<br><br>AEG HOLDCO, LLC, et al.<br>Defendants. | CV 21-8550 DSF (MRWx)<br><br>Order GRANTING Plaintiff's<br>Motion for Remand (Dkts. 11, 25) |

Plaintiff Renee Gamble moves for remand.  See dkts. 11-1 (Mot.), 25 (Supp. Mot.).  It is not clear whether Defendants AEG Holdco, LLC and McLarens, LLC now oppose remand.  Dkt. 30.  (Supp. Opp'n).  The Court deems these matters appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons stated below, Gamble's motion to remand is GRANTED.

On October 28, 2021, AEG removed the case based on diversity. Dkt. 1.  On November 29, 2021, Gamble filed a motion for remand alleging a lack of complete diversity.  Dkt. 11.  AEG opposed the motion.  Dkt. 17.  On December 23, 2021, the Court construed Gamble's motion to remand as a motion for leave to amend her complaint to add additional defendants and then have the case remanded.  See dkt. 20 (Order).  The Court ordered Gamble to file and serve an amended complaint no later than January 14, 2022.  Id. at 2.

On January 13, 2022, Gamble filed her first amended complaint, adding Defendants McLarens, LLC[1] and McMillan Enterprises dba

---

[1] Defendants contend McLarens is not a proper defendant – an issue the Court need not address.

Express Employment Professionals (McMillan).  Dkt. 22 (FAC).  On January 21, 2022, Gamble served McMillan.  Dkt. 27.  On January 24, 2022, Gamble served McLarens.  Dkt. 28.  Also on January 24, 2022, Gamble filed a supplement to her motion to remand.  Dkt. 25.  On January 28, 2022, AEG and McLarens filed an answer to Gamble's FAC.  Dkt. 29.  On January 31, 2022, AEG and McLarens filed a supplemental response to Gamble's motion for remand.  Dkt. 30.  McMillan's answer was due by February 14, 2022, dkt. 26, but no responsive pleading has been filed.

Gamble is "an individual of Armenian descent residing in Simi Valley, California."  FAC ¶ 1.  McMillan is a California corporation doing business in California with its headquarters and principal place of business in Thousand Oaks, California.  Id. ¶ 4. AEG consented to the joinder of McMillan.[2]  Dkt. 17 at 2.  AEG and McLarens do not dispute that the addition of McMillan as a defendant destroys diversity and therefore remand is warranted.  See dkt. 30-3 at 1 ("We do not dispute the addition of the other defendants and, to that extent, we do not dispute the remand since it is our understanding McMillan Enterprises is a California corporation."); see also Answer ¶ 9 ("Defendants admit that remand is warranted under 28 U.S.C. § 1447 to the extent Plaintiff is a citizen of California, and McMillan is a citizen of California.").  Nor could AEG or McLarens contest remand because McMillan is a California corporation.  See FAC ¶ 4 ("Plaintiff is informed and believes . . . that all material times mentioned herein, Defendant McMillan Enterprises . . . has been a California corporation doing business in California, and has its headquarters and principal place of business in Thousand Oaks, California."); see also Rodby Decl.

---

[2] Ordinarily, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  However, because Defendants do not contest the joinder of McMillan, the Court need not conduct a joinder analysis.  See, e.g., Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015).

¶ 5, Ex. B.  Therefore, the Court need not resolve the issue of AEG's citizenship.

Because Gamble, AEG, and McLarens agree that the joinder of McMillan destroys complete diversity, the matter is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: February 15, 2022

Dale S. Fischer
United States District Judge